J-S23044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DIGANGI, | : | |
| | : | |
| Appellant | : | No. 3086 EDA 2016 |

Appeal from the Judgment of Sentence August 15, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s):  CP-23-CR-0004369-2016

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **Filed May 19, 2017**

Michael DiGangi ("DiGangi") appeals from the judgment of sentence entered following guilty plea to driving under the influence of alcohol ("DUI")-general impairment.[1]  Counsel for DiGangi ("Counsel") has filed an Application to Withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) ("the ***Anders*** brief").  We grant Counsel's Application to withdraw and affirm DiGangi's judgment of sentence.

On October 16, 2014, Digangi was charged with DUI-general impairment and a second, related offense.  On August 15, 2016, DiGangi entered a negotiated guilty plea to DUI-general impairment, and the Commonwealth withdrew the second DUI charge.  As part of his plea

---

[1] ***See*** 75 Pa.C.S.A. § 3802(a)(1).

agreement, the trial court sentenced DiGangi to six months in jail, with DiGangi to be paroled immediately. The trial court further ordered that DiGangi undergo a drug and alcohol evaluation and comply with the rules and regulations of Adult Probation and Parole. Finally, the trial court imposed a $200 fine.

DiGangi filed a post-sentence Motion to withdraw his guilty plea, claiming that he had failed to tender a knowing, intelligent and voluntary plea. On August 25, 2016, the trial court denied DiGangi's Motion, after which DiGangi filed the instant timely appeal. The trial court directed DiGangi to file a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Counsel instead informed the trial court that he intended to file an **Anders** brief and withdraw from representation.

"This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [an appellant]." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), **appeal denied**, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

Here, Counsel's **Anders** brief complies with the above-stated requirements. Namely, Counsel included a summary of the relevant factual and procedural history; referred to portions of the record that could arguably support DiGangi's claim; and set forth his conclusion that DiGangi's appeal is frivolous. Counsel also explained his reasons for reaching that determination, and supported his rationale with citations to the record and pertinent legal authority. Counsel's Application to Withdraw explains that Counsel has reviewed the record and believes that there are no non-frivolous

- 3 -

issues that could be raised, and that Counsel forwarded to DiGangi a letter advising DiGangi of the rights enumerated in **Nischan** and a copy of the **Anders** brief. Counsel attached a copy of the letter to his Application to Withdraw. Accordingly, Counsel has complied with the technical requirements for withdrawal. We next determine whether DiGangi's appeal is frivolous.

The **Anders** brief presents the following claim for our review: "Whether [] Di[G]angi entered a knowing, voluntary and intelligent guilty plea?" **Anders** Brief at 1. Specifically, DiGangi claims that the [trial] [j]udge should have inquired further into [DiGangi's] mental condition[,] and whether it may have affected his ability to enter a knowing, voluntary and intelligent plea." **Id.** at 4. DiGangi asserts that statements made during the guilty plea hearing should have alerted the trial court to DiGangi's mental condition, and required the trial court to conduct a further inquiry. **Id.** at 10.

This Court has explained that,

after the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices.

* * *

To be valid under the manifest injustice standard, a guilty plea must be knowingly, voluntarily and intelligently entered. A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania

- 4 -

Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under [Pa.R.Crim.P.] 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

**Commonwealth v. Kpou**, 153 A.3d 1020, 1023-24 (Pa. Super. 2016)

(citations, quotations, and original brackets omitted).

At the plea hearing, the trial court inquired as to DiGangi's understanding of the six factors set forth above. **See** N.T., 8/15/16, at 4-9. DiGangi responded appropriately during the plea colloquy, and stated that he understood each of the six areas of inquiry set forth above. **See id.** Regarding mental health, the trial court questioned DiGangi as follows:

THE COURT: Do you have mental illness issues?

[] DIGANGI: Well, I've been diagnosed before. And I've had it under control[,] I believe. But I think it's – for a long time.

THE COURT: In what?

[] DIGANGI: It's been in hand—I think I've had it in hand for a long time of it. That could be questioned, of course.

THE COURT: Yeah.

[] DIGANGI: But I've had—

- 5 -

THE COURT:  Well, were you taking your medicine at the time this thing happened?

[] DiGangi:  Yes, I was.

THE COURT:  Are you telling me the truth?

[] DIGANGI:  Yes, I was  And –

THE COURT:  Who follows you for mental illness?  Do you see a doctor?  Do you go to a clinic?

[] DIGANGI:   Well, I do see a doctor.   I'm under the care of Michael Prime.   And … I have psychiatrists that I see.  I have regular lithium levels.  Although it's not court committed, but I still go.

THE COURT:  All right.

[] DIGANGI:  And I –

THE COURT:  All right.  I'm going to add one further condition to the parole and that is that you have to comply with all mental health treatment and medication that's been prescribed for you.

[] DIGANGI:  That's fine, Your Honor.

*Id.* at 10.

Our review discloses that throughout the hearing, DiGangi expressed his understanding of the factual basis for, and consequences of his guilty plea.  *See id.* at 4-12.  Further, the trial court conducted appropriate inquiry regarding DiGangi's mental health, as it impacted his ability to knowingly, intelligently and voluntarily enter a guilty plea.  *See id.* at 10.  Thus, we agree with the conclusion reached by Counsel, *i.e.*, that the issue is without merit, not supported by the record, and frivolous.

Finally, we have conducted our own independent review of the record and found no additional, non-frivolous issues that could be raised by DiGangi. Accordingly, we grant Counsel's Application to Withdraw, and affirm DiGangi's judgment of sentence.

Application to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017

- 7 -