J-S09026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY KENT, JR. | : | |
| | : | |
| Appellant | : | No. 1026 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013090-2015

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 22, 2019**

Leroy Kent, Jr., appeals from the order, entered in the Court of Common Pleas of Allegheny County, denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On April 3, 2017, Kent entered a fully-negotiated guilty plea to aggravated assault.[1]  That same day, the Honorable Anthony M. Mariani imposed a sentence of five to ten years' confinement.  Kent did not file a timely post-sentence motion or a direct appeal.  On September 19, 2017, Kent filed a *pro se* motion to withdraw his guilty plea.  The trial court treated Kent's untimely *pro se* motion to withdraw his plea as a timely first PCRA petition.[2]

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] *See Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (holding untimely post-sentence motions may be treated as PCRA petitions).

_____

\*   Retired Senior Judge assigned to the Superior Court.

The trial court appointed PCRA counsel, who filed a supplemental PCRA petition on March 26, 2018. On June 27, 2018, the PCRA court held a hearing on Kent's claims, and subsequently determined they lacked merit. The PCRA court dismissed Kent's petition by order dated June 27, 2018. Kent timely filed a notice of appeal on July 13, 2018, and thereafter, a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal.

On appeal, Kent raises the following issues for our review:

1. Did the trial court err in denying [Kent's] PCRA petition since trial counsel was ineffective for inducing [Kent] to enter an involuntary plea?

2. Did the trial court err in denying [Kent's] PCRA petition since trial counsel was ineffective for failing to timely move for leave to withdraw [Kent's] guilty plea after [Kent] so instructed him?

Brief of Appellant, at 3.

Both of Kent's claims involve the validity of his guilty plea. He claims counsel coerced him to enter a plea, and then failed to file a timely motion to withdraw the plea, despite Kent's express desire to do so. As Kent has not demonstrated his guilty plea was involuntary, or that he would have been able to meet the standard for seeking post-sentence withdrawal of his plea, he is not entitled to relief.

To successfully challenge the validity of a guilty plea under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where the circumstances made it likely the inducement caused the petitioner to plead guilty, or that ineffective assistance

of counsel caused him to enter an involuntary or unknowing plea. 42 Pa.C.S.A. § 9543(a)(2)(iii); **Commonwealth v. Young**, 695 A.2d 414, 416 (Pa. Super. 1997). Both claims implicate the effectiveness of plea counsel.

To establish ineffective assistance of counsel, a PCRA petitioner must plead and prove: (1) the underlying issue is of arguable merit; (2) counsel lacked a strategically reasonable basis for the act or omission; and (3) the petitioner suffered prejudice in that counsel's ineffectiveness affected the result of the proceeding. **Commonwealth v. Harris**, 852 A.2d 1168, 1173 (Pa. 2004). Failure to prove any prong will defeat an ineffectiveness claim. **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779–80 (Pa. Super. 2015) (en banc). "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citation omitted).

When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. **Id.** "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving

otherwise." ***Id.*** Finally, it is well-established that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. ***Yeomans***, 24 A.3d at 1047. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea [that] contradict the statements he made at his plea colloquy." ***Id.***

To prevail on either claim, Kent must demonstrate, as a threshold matter, that his plea was entered involuntarily. Pennsylvania Rule of Criminal Procedure 590 provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. ***Commonwealth v. Flanagan***, 854 A.2d 489, 500 (Pa. 2004). The trial court should, at a minimum, elicit the following information during the plea colloquy:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

- 4 -

Kent has not established his plea was involuntary. Judge Mariani engaged in a thorough colloquy prior to accepting Kent's plea. Kent acknowledged that he understood English, was not under the influence of alcohol or drugs, was advised of the maximum penalties, was not being forced to enter the guilty plea, and entered the plea on his own free will. *See* N.T. Guilty Plea, 4/3/17, at 2-6. The trial court further advised Kent that he was waiving certain rights, including the right to a jury trial. *Id.* at 4. During his oral colloquy, Kent heard the nature of the charges and the factual basis for the plea. *Id.* at 2, 7-9.

The trial court noted that Kent had completed a written plea colloquy, which the court confirmed Kent had signed after consultation with counsel. *Id.* In his written plea colloquy, Kent waived his right to a trial, and stated he discussed with his attorney the elements of the charged offense, the factual basis of the offense, the burden of proof carried by the Commonwealth, and his right to present and confront witnesses at trial. *See* Written Plea Colloquy, 4/3/17, at 1-5. The written colloquy also stated the trial court was not bound by the terms of the plea agreement and, if the court rejected his plea deal, Kent would have the opportunity to withdraw his plea, enter an open plea, or go to trial. *Id.* at 10. Moreover, Kent affirmed in writing he was satisfied with his trial counsel, had ample time to consult with counsel, and that counsel explained the meaning of the colloquy. *See id.* at 10.

The PCRA court held a hearing on Kent's claims, during which Kent's plea counsel testified. Kent's plea counsel stated he spoke with Kent on numerous occasions about defenses that could have been presented at trial and felt Kent freely made the choice to plead guilty. N.T. PCRA Hearing, 6/27/18, at 5-8. Kent's plea counsel further testified he never informed Kent that he would be required to appear for trial in prison garb or that no investigation would be made for his case. *Id.* at 7-9.

Additionally, Kent testified at his PCRA hearing and admitted that he had lied under oath during his plea colloquy. *Id.* at 16. The PCRA court made a determination that Kent's "testimony [was] wholly incredible based on the written guilty plea colloquy, the oral colloquy conducted by the [c]ourt and [Kent's] own voluntary statements" made to the court. Trial Court Opinion, 11/9/18, at 5. This Court is bound by the PCRA court's credibility determinations. *See Commonwealth v. Johnson*, 51 A.3d 237, 242-43 (Pa. Super. 2012) (holding PCRA court's credibility determinations are binding on appeal when supported by record). We find the PCRA court's determination is supported by the evidence of record and, consequently, affirm the PCRA court's finding that Kent failed to prove plea counsel's ineffectiveness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2019