J-S42005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
            :            PENNSYLVANIA
            :
          v.          :
            :
            :
BENDU MASSAQUOI         :
            :
      Appellant     :    No. 1939 EDA 2018

Appeal from the Judgment of Sentence Entered February 12, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010800-2016

BEFORE: OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:            **FILED OCTOBER 04, 2019**

Bendu Massaquoi appeals from the judgment of sentence imposed on February 12, 2018, in the Court of Common Pleas of Philadelphia County. This followed her open guilty plea, on December 11, 2017, to one count of aggravated assault by vehicle while driving under the influence (DUI),[1] three counts of accident involving death — not properly licensed,[2] one count of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3735.1(a).

[2] 75 Pa.C.S.A. § 3742.1(a).

aggravated assault by vehicle,[3] two counts of homicide by vehicle while DUI,[4] and two counts of homicide by vehicle.[5] On February 12, 2018, the trial court sentenced Massaquoi to an aggregate sentence of 10 to 20 years' imprisonment. On appeal, Massaquoi challenges the denial of her post-sentence motion to withdraw her guilty plea and the discretionary aspects of her sentence. For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's November 14, 2018 opinion.

> On July 24, 2016, [Massaquoi], Matherlina Assouge, Ben Jimmy and Kowo Jallah were at Trilogy nightclub together. Afterward, they all entered Ben Jimmy's car, a 2005 Mazda 6. As Ben Jimmy was driving, [Massaquoi] demanded that he pull over so that she could drive. Ben Jimmy pulled over and allowed [Massaquoi] to drive. [Massaquoi] began speeding on Columbus Boulevard at 80 miles per hour. The passengers in the car continuously asked [Massaquoi] to slow down. She slowed down and then sped up again. [Massaquoi] was driving unsteadily and an Uber driver recorded [Massaquoi's] erratic driving with a camera. The camera captured [Massaquoi] cutting off other vehicles, speeding, swerving, and ultimately crashing into a PECO building.
>
> Matherlina Assouge, Ben Jimmy, and Kowo Jallah were passengers in the car when it crashed. Kowo Jallah and Ben Jimmy's cause of death was blunt impact trauma resulting from the car crash while seated in the back seat. Matherlina Assouge suffered injuries and lacerations to her head and left leg. At the time of the collision, [Massaquoi's] driver's license was suspended and [her] blood alcohol content was 0.174%.

---

[3] 75 Pa.C.S.A. § 3732.1(a).

[4] 75 Pa.C.S.A. § 3735(a).

[5] 75 Pa.C.S.A. § 3732(a).

Trial Court Opinion, 11/14/2018, at 2.

On December 11, 2017, the day scheduled for trial to begin, Massaquoi elected to enter an open guilty plea to the aforementioned charges. On February 12, 2018, following receipt of a pre-sentence investigation report (PSI) and a mental health evaluation, the trial court sentenced Massaquoi as delineated above. On February 19, 2018, Massaquoi filed a motion to withdraw her guilty plea. On February 21, 2018, she filed a motion for reconsideration of sentence. The trial court denied both motions by operation of law on June 20, 2018. The instant, timely appeal followed.[6]

In her first issue,[7] Massaquoi argues the trial court erred in denying her post-sentence motion to withdraw her guilty plea. Massaquoi's Brief, at 14. Specifically, Massaquoi claims her guilty plea was the product of duress and she is actually innocent of the crime. *Id.* at 15-16. However, Massaquoi is not entitled to relief.

Our standard of review for the denial of a post-sentence motion to withdraw a guilty plea is well settled. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of

---

[6] In response to the trial court's order, Massaquoi filed a timely concise statement of errors complained of on appeal on July 30, 2018. On November 14, 2018, the trial court issued an opinion.

[7] For ease of disposition, we have reordered the issues in Massaquoi's brief.

manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation and internal quotation marks omitted). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). "The law does not require that appellant be pleased with the outcome of [her] decision to enter a plea of guilty[.]" ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation omitted), *appeal denied*, 701 A.2d 577 (Pa. 1997). Further, when a defendant has entered a guilty plea, we presume she was aware of what she was doing; it is her burden to prove the plea was involuntary. ***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001). Accordingly, where the record clearly shows the court conducted a guilty plea colloquy and the defendant understood the nature of the charges against her, the plea is voluntary. ***Id.*** In examining whether the defendant understood the nature and consequences of her plea, we look to the totality of the circumstances. ***Id.*** At a minimum, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which [s]he is pleading guilty?

(2) Is there a factual basis for the plea?

> (3)   Does the defendant understand that [s]he has a right to trial by jury?
>
> (4)   Does the defendant understand that [s]he is presumed innocent until [s]he is found guilty?
>
> (5)   Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> (6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted).   Defense counsel or the attorney for the Commonwealth, as permitted by the Court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment.  Additionally, the examination may consist of both a "written colloquy that is read, completed, signed by the defendant, and made part of the record,"[8] and an on-the-record oral examination. *Id.*

Here, the record reflects the trial court thoroughly inquired into all six areas.   N.T. Guilty Plea Hearing, 12/11/2017, at 6-72.   Nevertheless, Massaquoi claims she entered her guilty plea under duress.  Massaquoi's Brief, at 15-16.  In support of this contention, she points to the following exchange during her plea colloquy.

THE COURT: Did you discuss it with your attorney?

[MASSAQUOI]: Yes.

THE COURT: Are you satisfied with his services?

---

[8] The notes of testimony from the guilty plea hearing demonstrate Massaquoi signed a written guilty plea colloquy.  N.T. Guilty Plea Hearing, 12/11/2017, at 25.   However, the written plea colloquy is not included in the certified record.

- 5 -

[MASSAQUOI]: (No verbal response.)

THE COURT: Do you want to talk to her?

(Brief pause.)

[DEFENSE COUNSEL]: Your Honor, can I have a moment with the district attorney?

(Brief pause.)

THE COURT: Off the record.

(Off the record discussion held.)

[DEFENSE COUNSEL]: I think I resolved the issue, Your Honor. She still intends to proceed by way of plea, Your Honor.

THE COURT: Did you hear and understand the various questions I've asked you?

[MASSAQUOI]: Yes.

THE COURT: Have you answered truthfully so far?

[MASSAQUOI]: Yes.

THE COURT: The next question I ask before we hear from the district attorney is are you satisfied with the services of your attorney?

[MASSAQUOI]: Yes.

N.T. Guilty Plea Hearing, 12/11/2017, at 52-54.

We see nothing in the exchange that demonstrates Massaquoi's plea was the product of duress. At most, the exchange shows Massaquoi had some question or doubt, which counsel resolved, and the plea hearing continued. Moreover, we note Massaquoi specifically stated she was pleading guilty of her

"own free will." *Id.* at 52, 67. We have long held a defendant binds herself by statements made at a plea hearing and cannot assert claims that contradict such statements. *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, because the record reflects Massaquoi entered a knowing, intelligent, and voluntary guilty plea, her claim does not merit relief.

Massaquoi also maintains she is actually innocent of the crimes because blood found on the driver's seat was not hers, which, she argues, means she was not the driver. Massaquoi's Brief, at 15.

This Court has stated:

[Appellant] argues, instead, that his post-sentence assertion of innocence, alone, is enough to demonstrate the manifest injustice necessary to secure a post-sentence withdrawal of a guilty plea. Nothing in our jurisprudence supports such a proposition, which runs counter to established precepts that reject defendant attempts to disavow self-incriminating statements made at a plea hearing absent a showing of coercion, fundamental misunderstanding, or the like. Moreover, as noted above in our standard of review, our courts have recognized the relevance of an assertion of innocence only in the pre-sentence context, explaining that the assertion may represent a fair and just reason for pre-sentence withdrawal of a guilty plea.

Indeed, this Court has held that post-sentence claims of innocence do not demonstrate manifest injustice, *see Commonwealth v. Myers*, 434 Pa.Super. 221, 642 A.2d 1103, 1108 (1994) (holding "[a] defendant's post-sentence recantation of guilt does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea of guilty."), and Appellant presents no meaningful argument or legal theory on which to distinguish his case from such precedent. This is particularly so where, again, Appellant advances no claim of an unknowing, involuntary, or unintelligent plea. Accordingly, we discern no merit to the present appeal.

*Kpou*, *supra* at 1024-1025 (quotation marks, footnote, and most citations omitted).

Here, Massaquoi has not demonstrated, as discussed above, her guilty plea was unknowing, involuntary, or unintelligent. Moreover, her belated claim that she was not the driver directly contradicts her statements and admissions at both the plea hearing and sentencing. *See* N.T. Guilty Plea Hearing, 12/11/2017, at 62; N.T. Sentencing, 2/18/2018, at 15, 24-25. Massaquoi cannot now contradict those statements.[9] *See Kpou*, *supra* at 1024-1025; *Muhammed*, *supra* at 384. This claim does not merit relief.

In her second claim, Massaquoi challenges the discretionary aspects of her sentence, claiming the trial court failed to put sufficient reasons on the record to justify sentencing her outside the aggravated range of the

---

[9] Moreover, Massaquoi's claim that, because the blood found on the driver's seat was not hers, she was not the driver is less than compelling. Massaquoi does not point to any evidence the accident caused her any injury. Rather, the evidence showed the front-seat passenger was bleeding from both her head and her left leg. *See* PCRA Ct. Op., at 2. Moreover, the Commonwealth gave an exceedingly detailed summarization of the evidence it would have presented at trial. That evidence demonstrated there was a video of the incident. The surviving passenger would have testified Massaquoi was the driver and that there were three passengers in the car. A Good Samaritan, who arrived on the scene moments after the accident, would have testified he pulled Massaquoi from the driver's seat. First responders would have testified that, when they arrived on the scene, there were two deceased men in the back seat of the car and the front-seat passenger was stuck in the passenger seat. They had to pull the passenger door off to remove her. *See* N.T. Guilty Plea Hearing, at 56-62. Massaquoi admitted that all these facts were accurate. *Id.* at 62.

sentencing guidelines and solely focused on the seriousness of the offense.

Massaquoi's Brief, at 10-14.

> The principles that guide our review are well settled:
>
> . . . [t]he right to appeal a discretionary aspect of sentence is not absolute. Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. As we stated in **Commonwealth v. Moury**, 2010 PA Super 46, 992 A.2d 162 (Pa. Super. 2010):
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>>
>> **Id.** at 170. Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis.

**Commonwealth v. Radecki**, 180 A.3d 441, 467 (Pa. Super. 2018)

(quotation marks and most citations omitted).

Massaquoi has complied with the procedural requirements for her

discretionary aspects of sentencing challenge by filing a timely appeal to this

Court, preserving the sentencing issues in her post-sentence motions, and including a Pa.R.A.P. 2119(f) statement in her brief. The final requirement is that Massaquoi's Rule 2119(f) statement must raise a substantial question.

> We have stated a substantial question exists
>
> when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. [W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists.

*Radecki*, *supra*, 180 A.3d at 468 (quotation marks and citations omitted). Here, both of Massaquoi's contentions raise a substantial question. *See Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) ("[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question."); *Commonwealth v. Twitty*, 876 A.2d 433, 439 (Pa. Super. 2005) (claim trial court did not state sufficient reasons for sentence outside guidelines raises substantial question), *appeal denied*, 892 A.2d 823 (Pa. 2005).

In reviewing a challenge to the discretionary aspects of the sentence, we recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

- 10 -

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015).

Massaquoi complains the trial court sentenced her outside the guidelines without stating sufficient reasons. We have stated:

> When evaluating a challenge to the discretionary aspects of sentence . . . it is important to remember that the sentencing guidelines are advisory in nature. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. [O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is **not unreasonable**, we must affirm a sentence that falls outside those guidelines.
>
> A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline range.

*Commonwealth v. Schull*, 148 A.3d 820, 836 (Pa. Super. 2016) (citations and quotation marks omitted, emphasis in original).

Here, the trial court had the benefit of a PSI, a mental health report, a sentencing memorandum from the Commonwealth, the testimony of three witnesses on behalf of Massaquoi, Massaquoi's own statements during allocution, and a video of the incident. **See** N.T. Sentencing, 2/18/2018, at 4, 16-19, 22. It acknowledged Massaquoi had both mental health and drug and alcohol issues. **See id.** at 26. It further noted Massaquoi's past as a child

- 11 -

of war, and that she was a parent. *Id.* at 26-27. It took into account Massaquoi was on both probation and diversion at the time of the offense. *Id.* at 19-20. Further, the trial court highlighted that Massaquoi pleaded guilty rather than going to trial. *See id.* at 27. Immediately prior to imposing sentence, the trial court explained, in detail, the basis for the sentence and why it felt it was necessary to go outside the guidelines. *See id.* at 25-28.

Therefore, Massaquoi's claim that the sentencing court abused its discretion in sentencing her outside the guidelines without expressing sufficient reasons on the record is meritless. *See Commonwealth v. Walls*, 926 A.2d 957, 966-68 (Pa. 2007) (so long as trial court imposed individualized sentence that was reasonable there was no abuse of discretion); *Commonwealth v. Davis*, 737 A.2d 792, 799 (Pa. Super. 1999) (affirming sentence outside guidelines where trial court was informed of PSI, heard testimony, and allowed defendant to speak before imposing sentence); *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. Super. 1988) (finding statement of reasons sufficient where trial court had PSI and was presumed to have been aware of and weighed defendant's history, character, and mitigating factors). This claim does not merit relief.

Massaquoi also contends the trial court only focused on the seriousness of the crime in imposing sentence. Massaquoi's Brief, at 13-14. The record, as discussed above, belies this contention. Here, the trial court considered the PSI and mental health evaluation; the testimony of Massaquoi and her

witnesses; and the circumstances surrounding the incident, namely, that Massaquoi was not the original driver and, despite being drunk and having a suspended license, insisted on driving in a reckless manner over the protests of her friends. Thus, it is obvious the sentencing court was aware of and carefully reviewed all the facts and made an intelligent and informed decision as to Massaquoi's sentence.

In light of the foregoing, Massaquoi is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/19