J-S02005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK EDWARD ROGERS | : | |
| | : | |
| Appellant | : | No. 1442 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 10, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000316-2016

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED MARCH 11, 2020**

Appellant, Mark Edward Rogers, appeals from the judgment of sentence of 20 to 40 years' incarceration, imposed after he pled guilty to two counts of involuntary deviate sexual intercourse with a child (IDSI-child), 18 Pa.C.S. § 3123(b).  Appellant avers that the court erred by denying his post-sentence motion to withdraw his guilty plea, and that his sentence is manifestly excessive.  We affirm.

Appellant was charged with the above-stated offenses, as well as multiple other sexual crimes, based on evidence that he engaged in oral sex with two girls who were nine and ten years old.  Appellant was approximately 54 years old at the time of the assaults.  On the day Appellant's jury trial was scheduled to begin, he agreed to plead guilty to two counts of IDSI-child in exchange for the Commonwealth's dismissing the remaining charges.  The parties did not reach a sentencing agreement.  On July 10, 2019, the trial

court imposed a term of 10 to 20 years' incarceration for each of Appellant's convictions, and directed those sentences to run consecutively, totaling an aggregate term of 20 to 40 years' imprisonment.

Appellant filed a timely post-sentence motion seeking to withdraw his guilty plea and also challenging his sentence. The trial court denied that motion in an order and accompanying opinion filed on August 5, 2019. Appellant timely appealed, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court apparently did not file a Rule 1925(a) opinion, presumably because the issues raised in Appellant's Rule 1925(b) statement were addressed in its August 5, 2019 opinion denying his post-sentence motion.

Herein, Appellant states two issues for our review:

1. Whether the [t]rial [c]ourt erred in denying Appellant's [post-sentence] request to withdraw his … guilty plea?

2. Whether [Appellant's] sentence is manifestly excessive?

Appellant's Brief at 3.

Appellant first argues that the trial court should have granted his post-sentence motion to withdraw his guilty plea. He contends that his decision to plead guilty was made after rushed negotiations on the morning that his trial was set to begin, and he did not "fully understand what he was pleading guilty to or the potential sentencing consequences of his plea." *Id.* at 7. More specifically, Appellant claims that he did not understand that "the charge[s] involved sexual intercourse with a child." *Id.* He also asserts that, "because

the Commonwealth agreed not to object to concurrent sentences," he believed "that he was actually going to receive concurrent sentences." ***Id.***

Appellant's arguments do not demonstrate that his plea was unknowing, unintelligent, or involuntary, such that a manifest injustice will result by not permitting him to withdraw it. ***See Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016) ("[A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. … A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly.") (cleaned up). First, we agree with the trial court that the plea colloquy indicates that Appellant "understood the nature of the charges to which he was pleading guilty." Trial Court Opinion (TCO), 8/5/19, at 3. In particular, Appellant stated that he understood the elements of the crime of IDSI-child, and he described committing the underlying criminal acts (oral sex with the 9- and 10-year-old victims) that constituted his offenses. ***See*** N.T. Plea, 5/28/19, at 8. Appellant does not point to anywhere in the record that supports his current assertion that he did not understand the crimes to which he was pleading guilty.

Additionally, the record does not support Appellant's contention that he believed he would receive concurrent sentences by entering his plea. During the colloquy, the court asked him if anything was promised to him in exchange for his plea, and Appellant stated only that his remaining charges would be *nol prossed*. Moreover, the court informed Appellant that he could be

sentenced to up to 40 years' incarceration for each of his IDSI-child offenses, and asked Appellant if he understood that "[t]here's no agreement whatsoever on the sentence[.]" *Id.* at 7. Appellant answered in the affirmative. *Id.* He also indicated that he understood that the sentencing "decision will be totally up to [the court.]" *Id.*

This record demonstrates that Appellant comprehended the nature of the charges to which he pled guilty, and that he understood he was not guaranteed concurrent sentences by entering his plea. The fact that Appellant is unhappy with the fact that he received consecutive sentences does not constitute a manifest injustice warranting the post-sentence withdrawal of his plea. Accordingly, his first issue is meritless.

Next, Appellant contends that his sentence is manifestly excessive. Appellant mainly takes issue with the court's decision to run his terms of incarceration consecutively. He stresses that he "is 57 years of age[,] making the minimum penalty essentially a life sentence." Appellant's Brief at 8. Appellant also points out that, prior this case, he has "led a crime-free life" and he was "remorseful and sincerely apologetic towards the victims and their families." *Id.* Moreover, Appellant "feels as if he is being punished for the withdrawn charges as well as the charges he plead [*sic*] guilty to." *Id.* at 9.

Appellant's claims constitute a challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant

challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal and preserved his claims in his post-sentence motion. However, he has not included a Pa.R.A.P. 2119(f) statement in his appellate brief. Because the Commonwealth has not objected to this omission, we will not deem Appellant's sentencing claims waived. **See Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004) ("[W]hen the appellant has not included a Rule 2119(f) statement and

- 5 -

the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate….").  We also conclude that Appellant's claim that his consecutive sentences are excessive, in light of certain mitigating factors in his case, raises a substantial question for our review.  ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015) (finding a substantial question where Swope argued that his consecutive sentences were excessive because the court failed to consider his rehabilitative needs and mitigating factors).

Nevertheless, Appellant has failed to convince us that the court abused its discretion in fashioning his aggregate term of incarceration.  ***Moury***, 992 A.2d at 169 ("[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.").  In explaining Appellant's sentence, the court stated:

> THE COURT: We talked about the circumstances surrounding your involvement with these girls.  When I consider the sentence, the law requires me to consider the protection of the public, the impact on the victim and the community, as well as your rehabilitative needs.
>
> It's clear from my review of the pre-sentence report, the victim impact statements, [and] the statements given today by the mothers of these two victims, that the impact is immeasurable on your victims and their families and community beyond.  I had letters from grandparents detailing what your conduct has forced them to endure in their family relationships.
>
> I weigh that factor very heavily in determining what sentence should be imposed here today.  The standard range is 6 to 20 years on each of the offenses.  Your attorney asked [that] the sentence[s] be served concurrently.  They will not be.  They will be consecutive sentences for the two individual victims.  They each deserve their own individual sentence.

- 6 -

And your sentence will not be at the bottom of the range, nor will it be at the top. I have to make it clear I cannot sentence you for things you did not accept responsibility for. I can only sentence you on these two charges for which you accepted responsibility.

But after weighing the factors of protecting the public, the gravity of the offense, and the impact on the victim[s], the sentence I'm going to impose are from 10 to 20 years on each of the counts running consecutively. So your sentence will be 20 to 40 years.

N.T. Sentencing, 7/10/19, at 17-18.

It is apparent from this record that the court considered the requisite statutory factors, pre-sentence report, victim impact statements, facts of Appellant's crimes, applicable sentencing guideline ranges, and the fact that Appellant took responsibility for the two crimes to which he pled guilty. The court was aware of Appellant's age and his lack of a prior criminal record, and it also explicitly stated that it was not sentencing him for the charges that were withdrawn. The court explained that it was imposing consecutive terms because Appellant should serve separate sentences for each of his two victims. Each sentence was in the middle of the standard guideline range. Nothing in this record indicates that Appellant's sentence is "manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Moury*, 992 A.2d at 169-70. Accordingly, Appellant's sentencing claim does not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2020