J-S02021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEVIN BRAMHALL | : | |
| | : | |
| Appellant | : | No. 1485 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 30, 2019,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0000576-2019.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: May 20, 2021

Devin Bramhall appeals from the judgment of sentence entered following his guilty plea. Upon review, we affirm.

On October 25, 2018, in Honey Brook Borough, Chester County, Pennsylvania, Bramhall had an A.R.-15 assault rifle in his possession and transferred it to another person for $700 cash. Because of a prior conviction for an offense enumerated in 18 Pa.C.S.A. § 6105, Bramhall was prohibited from possessing or transferring a firearm. He was arrested and charged.

On October 30, 2019, Bramhall pled guilty to one (1) count of possession of firearm prohibited in violation of 18 Pa.C.S.A.§ 6105(a)(1). As a result, the Commonwealth agreed not to pursue convictions for other related offenses. That same day, the trial court sentenced Bramhall to the agreed

upon sentence of four (4) to eight (8) years of incarceration. During the plea agreement and sentencing, Bramhall was represented by counsel.

On November 7, 2019, Bramhall filed a counseled post-sentence motion to withdraw his guilty plea and for the appointment of conflict counsel (the "counseled post-sentence motion"). Therein, Bramhall merely asserted that he was innocent and that his guilty plea was unknowing and involuntary. A month later, Bramhall filed a similar, untimely, *pro se* post-sentence motion to withdraw his guilty plea and requested the appointment of conflict counsel (the *"pro se* post-sentence motion"). Bramhall reiterated the claims stated in his prior motion and additionally claimed that he was coerced into entering his guilty plea, because defense counsel failed to investigate an alibi and was unprepared for trial. He further claimed that counsel told him he probably would be convicted at trial and receive a harsher sentence. As a result, he pled guilty.

On December 16, 2020, conflict counsel was appointed. After a hearing on Bramhall's counseled post-sentence motion, the court denied his request to withdraw his guilty plea.

Bramhall filed this timey appeal. The trial court and Bramhall complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Bramhall raises a single issue for our consideration:

1. Whether the [c]ourt erred in denying the [m]otion to [w]ithdraw [g]uilty plea erroneously concluding that [Bramhall] was not coerced into pleading guilty, due to the lack of trial readiness and ineffectiveness of his trial/plea counsel?

Bramhall's Brief at 7.

We review this issue with the following in mind. It is well-settled that the decision of whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. *Commonwealth v. Unangst*, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotation omitted); *see Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009) (noting that we review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion), *appeal denied*, 992 A.2d 885 (2010).

Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011). In *Commonwealth v. Prendes*, 97 A.2d 337, 352 (Pa. Super. 2014), *impliedly overruled on other grounds by Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015), we explained that a defendant may withdraw his guilty plea after sentencing "only where necessary to correct manifest injustice." *Prendes*, 97 A.3d at 352 (citation omitted). Thus, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002).

"Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. **Id.** "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." **Id.**

Bramhall claims that the trial court erred in denying his request to withdraw his guilty plea. Specifically, he argues that he was coerced into taking a guilty plea because his counsel was not prepared for the impending trial. Bramhall's Brief at 9. According to Bramhall, counsel failed to investigate evidence of an alibi prior to trial and did not request a continuance. **Id.** at 10-12. Consequently, Bramhall was afraid he would lose at trial and receive a much longer sentence than that offered under the plea. **Id.** at 12. Bramhall felt he had no choice but to enter the plea. **Id.**

Essentially, Bramhall claims he involuntarily entered into his guilty plea due to the ineffective assistance of counsel.[1] A plea that was allegedly entered into unknowingly or involuntarily due to counsel's lack of trial readiness,

_____

[1] We observe that this issue was not raised specifically in his counseled motion to withdraw his guilty plea, upon which the trial court ruled. However, because it was raised in his *pro se* motion and addressed during the hearing, we decline to find waiver. Notwithstanding this, as we discuss herein, consideration of plea counsel's ineffectiveness would be premature at this juncture.

including counsel's failure to investigate a potential alibi, sounds in ineffectiveness. *See Commonwealth v. Johnson*, 966 A.2d 523, 535 (Pa. 2009). Thus, this question must be raised via an ineffective assistance of counsel claim on collateral review, not on direct appeal from the judgment of sentence. *See Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa. Super. 2018) (concluding that whether defendant's choice to enter guilty plea was knowing and voluntary given counsel's deficient advice must be raised as an ineffective assistance of counsel claim).

Our Supreme Court has held that "[t]he general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel . . . . " *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). This rule precludes the trial court from considering a motion to withdraw a guilty plea on the basis of ineffectiveness of counsel. It further precludes this Court's ability to review such a decision on direct appeal. *See Kehr*, 180 A.3d at 760. In light of this, we conclude that the trial court appropriately considered Bramhall's motion strictly on the basis of whether Bramhall entered into his guilty plea knowingly, voluntarily, and intelligently, without considering whether plea counsel was ineffective.

Here, the trial court found that Bramhall entered into his plea knowlingly, voluntarily, and intelligently. The trial court explained:

> [A]n examination of the October 30, 2019 sentencing transcript and the written plea agreement clearly demonstrates that [Bramhall] entered into a knowing, voluntary and intelligent plea. He admitted his guilt under oath, admitted to facts sufficient to support the plea, understood the potential range of sentences for

the crime of person not to possess a firearm as a felony of the second degree, that he was forfeiting his right to a jury trial and further to require the Commonwealth to prove his guilt beyond a reasonable doubt, that he forfeited the right to confront witnesses that the Commonwealth would call to present evidence against him and that he was striping himself of the presumption of innocence.

[Bramhall] further stated that no one forced him or threatened him in any manner to get him to plead guilty to this offense and he is pleading guilty because he is guilty. [Bramhall] was further informed that by entering into the guilty plea he waived and abandoned all motions and all other rulings made by the Court. [Bramhall] further acknowledged that he reviewed the guilty plea colloquy with counsel and initialed and signed the document indicating the rights he was giving up by entering into the guilty plea. He testified that he had enough time to review the document and was satisfied with the legal representation he received. As such, [Bramhall] does not meet the manifest injustice standard as set forth in **Commonwealth v. Kehr**, 180 A.3d 754 (Pa. Super. 2018). He is bound by the written and oral statements provided to the [c]ourt during the entry of his negotiated plea. Consequently, [Bramhall's] boilerplate assertion to the contrary is [belied] by the record.

Trial Court Opinion, 8/28/20, at 4-5.

Based upon our review of the record and the trial court's explanation, we conclude that the trial court did not abuse its discretion in denying Bramhall's post-sentence motion to withdraw his guilty plea. The record demonstrates that Bramhall's plea was entered knowingly, voluntarily, and intelligently.[2]

Judgment of sentence affirmed.

---

[2] Bramhall may raise his ineffectiveness claims on collateral review by filing a petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21