J-S30020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY DUANE CRESSMAN | : | |
| | : | |
| Appellant | : | No. 409 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 27, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006292-2019

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:               **FILED NOVEMBER 23, 2021**

Cory Duane Cressman (Appellant) appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas after pleading guilty to one count each of rape of a child and terroristic threats, and two counts each of indecent assault of a complainant under 13 years and corruption of minors.[1]  Appellant's attorney, Kaitlyn M. Mills, Esquire (Appeal Counsel) has filed a petition to withdraw from representation and an **Anders** brief, raising a challenge to the validity of Appellant's guilty plea.[2]  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(c), 2706(a)(1), 3126(a)(7), 6301(a)(1)(ii), respectively.

[2] The Commonwealth filed a letter stating it would not file a brief.

978 A.2d 349 (Pa. 2009). For the reasons below, we affirm the judgment of sentence and grant Appeal Counsel's petition to withdraw.

On January 27, 2021, Appellant, represented by Cory J. Miller, Esquire, (Plea Counsel) pled guilty to one count each of rape of a child and terroristic threats, and two counts each of indecent assault of a person under 13 years and corruption of minors.[3] We glean the following factual summary from the combined plea and sentencing hearing transcript:

> [O]n or about January 25th, 2019, both incidents [were committed] in Penn Township, Lancaster County, Pennsylvania[. Appellant], being 19 years of age, did engage in sexual intercourse with a 12-year-old [B.B.] and touched her bare breasts. He also did touch the breasts and buttocks of [L.T.], a 12-year-old, at that time.

N.T. at 14 (paragraph break omitted). Appellant threatened to kill B.B. "if she told anyone[.]" Affidavit of Probable Cause, 10/2/19, at 2. Plea Counsel reviewed the written plea colloquy with Appellant and the trial court confirmed Appellant understood the agreement and did not have any questions regarding the document. N.T. at 11.

Appellant waived conducting an SVP assessment before sentencing. The trial court thus sentenced Appellant, that same day, to an aggregate period of seven to 15 years' incarceration.[4] The trial court then notified Appellant of his

---

[3] Both Appellant and his attorney appeared *via* video. N.T., Guilty Plea, 1/27/21, at 2.

[4] The court imposed a sentence of seven to 15 years' incarceration on rape of a child. The court also imposed sentences of one to five years on each of the remaining counts, all to run concurrently with the first count. N.T. at 2, 18.

registration requirements as a Tier III offender under the Sexual Offenders Registration and Notification Act (SORNA).[5]

Two days later, Appellant filed a *pro* se correspondence, alleging his plea was invalid due to his medication making him "drowsy." Letter From Appellant, 1/29/21. On February 5, 2021, Plea Counsel, on behalf of Appellant, filed a timely post-sentence motion to withdraw Appellant's guilty plea, wherein Appellant asserted Plea Counsel informed him he would be permitted to withdraw the plea. Appellant's Post-Sentence Motion, 2/5/21, at 5 (unpaginated). In that same motion, Plea Counsel requested leave to withdraw from representation. ***Id.*** at 6.

On March 11, 2021, the trial court denied Appellant's motion to withdraw his plea. Plea Counsel timely filed a notice of appeal. Shortly thereafter, the trial court granted counsel's request to withdraw from representation and appointed Benjamin Vanasse, Esquire, of the Lancaster County Public Defender's Office. The trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Attorney Vanasse timely filed a Pa.R.A.P. 1925(c)(4) statement that Appellant raised no issues of merit on appeal. Appellant's case was then reassigned to Appeal Counsel, who filed in this Court an ***Anders*** brief and application for leave to withdraw as counsel on August 13, 2021. Appeal

---

[5] 42 Pa.C.S. §§ 9799.10-9799.75; ***see*** 42 Pa.C.S. §§ 9799.14(d) (rape and indecent assault are Tier III offenses), 9799.15(a)(3) (Tier III offender must register for life.

Counsel attached a copy of a letter, which explained to Appellant his right to retain new counsel or proceed *pro se*.

Preliminarily, we address Appeal Counsel's **Anders** brief alleging the issues on appeal are frivolous. This Court has stated:

> [We] must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented[.]
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the **Anders** brief to [her] client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super 2014) (citations omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact,

wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted).

Instantly, Appeal Counsel satisfied the technical requirements of ***Anders*** and ***Santiago***. In her ***Anders*** brief, she aptly summarizes the pertinent factual and procedural history with citations to the record. ***Anders*** Brief at 5-7. After a conscientious review of the record and applicable law, Appeal Counsel concludes the appeal is frivolous. ***Id.*** at 8. Appeal Counsel has attached to her application to withdraw a letter to Appellant that meets the notice requirements. ***See Orellana***, 86 A.3d at 880.

Appeal Counsel states Appellant "has not communicated any issues he wished to raise on direct appeal" to her, nor has he filed a response to Counsel's application to withdraw. ***Anders*** Brief at 8. Nevertheless, Appeal Counsel addresses whether this Court should allow Appellant to withdraw his guilty plea. Appellant cites his *pro se* post-sentence correspondence, which argued his plea was involuntary because he was under the influence of "medication that affected his ability to enter an intelligent, willing, and voluntary plea." ***Id.*** at 10. Appellant insists the medication he was taking made him "drowsy" and as such, made his plea "invalid[.]" ***Id.*** Appeal Counsel presents the following question on appeal:

1. Should [A]ppellate [C]ounsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?

***Anders*** Brief at 4.

This Court has stated:

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court."

***Commonwealth v. Kehr***, 180 A.3d 754, 756-57 (Pa. Super. 2018) (citations omitted).

Pennsylvania Rule of Criminal Procedure 590 provides that before accepting a guilty plea, the trial court must ensure the defendant understands:

(1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

***Commonwealth v. Kpou****,* 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). Further,

[a] person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Pollard****,* 832 A.2d 517, 523 (Pa. Super. 2003).

The trial court provided the following rationale for denying Appellant's post-sentence motion:

- 6 -

> [D]uring the negotiation and execution of the plea agreement, [Appellant] met with [Plea Counsel] via videoconference or telephone on at least three occasions: December 4, 2020, January 6, 2021, and January 21, 2021. During the phone conference of January 6, [Appellant] and [Plea Counsel] reviewed all documents relevant to the plea agreement and guilty plea, including the Guilty Plea Colloquy, which consists of some 74 paragraphs designed to inform [Appellant] of his rights and particularly those rights he would forego upon entering the guilty plea. Counsel read aloud each document in its entirety over the phone. At the conclusion of the phone conference, [Appellant] agreed that [Plea Counsel] should sign the necessary plea documents on [his] behalf. [Appellant's mother later contacted Plea Counsel and] informed him [that Appellant] had additional questions regarding his plea.
>
> [Plea Counsel] therefore scheduled the videoconference with [Appellant] for January 21, 2021[, wherein] counsel reviewed for a second time the guilty plea documents, including the Guilty Plea Colloquy. [Appellant] also independently reviewed the documents for himself[. Appellant] had ample opportunity to review the documents and to ask questions of [Plea Counsel], which he did. [Plea Counsel] answered [Appellant's] questions regarding the plea and [Appellant] agreed to move forward with it.

Trial Ct. Op., 3/11/21, at 5-6 (paragraph break added).

Further, at the plea hearing, the trial court extensively explained to Appellant his rights and the charges to which he was pleading, and confirmed Appellant understood and had no further questions. Trial Ct. Op. at 6-7. After the colloquy, the trial court allowed Appellant another opportunity to make a statement or ask for clarification on his plea. *Id.* at 7. Appellant asked if "skipping the wait time for the [SVP] assessment" would delay his transfer from the Lancaster County facility. *Id*; N.T. at 17. The trial court responded, "to the best of [its] understanding," Lancaster County would transfer Appellant to the Department of Corrections without delay. N.T. at 17. In Appellant's

written colloquy, he stated he was not under the influence of alcohol, drugs, or medication, and any treatment he was receiving for illnesses did not affect his "ability to understand these questions or why" he was there. Appellant's Written Guilty Plea Colloquy, 1/6/21, at 1 (unpaginated). Appellant responded "N/A" when asked if any medications he was taking would affect his ability to "understand these questions or why" he was there. *Id.* During his plea hearing, the trial court confirmed Appellant reviewed the colloquy with Plea Counsel and had no questions about the agreement. N.T. at 11.

After our review of the record, we agree with the trial court's conclusion that Appellant was "thoroughly informed regarding all aspects of the guilty plea process." Trial Ct. Op. at 6; *see Kpou*, 153 A.2d at 1023. Appellant stated in his colloquy he was not under the influence of drugs, and any medication he was on did not impact his ability to plead guilty. He cannot now claim he was "drowsy" and thus entered an unknowing plea. *See Pollard*, 832 A.2d at 523. Appellant does not meet the standard to withdraw his plea after sentencing because he has not demonstrated any manifest injustice. *See Kehr*, 180 A.3d at 756-57.

Following an independent review of the record, we likewise determine Appellant's appeal is frivolous. *See Goodwin*, 928 A.2d at 291. Accordingly, we affirm the judgment of sentence and grant Appeal Counsel's petition to withdraw from representation.

Judgment of sentence affirmed. Appeal Counsel's petition to withdraw from representation granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/2021