J-S81039-16

2016 PA Super 308

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LARRY KPOU | |
| Appellant | No. 690 EDA 2016 |

Appeal from the Judgment of Sentence February 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009272-2015

BEFORE: BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED DECEMBER 29, 2016**

Larry Kpou ("Appellant") appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after it accepted his guilty plea to Possession With Intent to Deliver ("PWID"), *to wit*, crack cocaine and marijuana, and Criminal Conspiracy.[1] Sentenced to a negotiated term of 11½ to 23 months' incarceration with immediate parole, plus three years' reporting probation, Appellant contends the court erroneously refused to grant his post-sentence motion to withdraw his plea. We affirm.

The plea court provides an apt history of the case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

On February 3, 2016, The Honorable Mia R. Perez conducted a guilty plea colloquy with the Defendant [hereinafter "Appellant"], Larry Kpou, who had been sworn under oath. Appellant pled guilty…. Judge Perez engaged in a specific line of inquiry, advising Appellant on the nature of the charges, the rights he was giving up, and the possible sanctions the court was authorized to impose. N.T. 2/3/16 at 2-17. Judge Perez requested a recitation of the facts from the Assistant District Attorney, [who asserted that, on June 19, 2015, a Narcotics Field Unit of the Philadelphia Police Department observed one Mr. Lugman Garbey sell marijuana to a proven, reliable confidential informant ("CI") as part of a controlled buy carried out at the address of 6311 West Girard Avenue.

On June 21, 2015, the Narcotics Unit arranged for another controlled buy at the address and observed Mr. Garbey take the buy money from the CI. Garbey then summoned Appellant, who handed two packets of marijuana to the CI on the front steps..

On June 24, 2015, officers arrested Garbey and Appellant. A search of Appellant's person incident to his arrest disclosed two packets of marijuana. A subsequent search of 6311 West Girard Avenue recovered three packets of crack cocaine].

Having heard the facts, Judge Perez asked Appellant, "[D]id you hear the facts as recited by the District Attorney?" *Id*. at 16. Appellant replied, "Yes." *Id*. The Judge then asked, "Are those the facts that you're pleading guilty to here today?" and Appellant replied, "Yes." *Id*. Appellant did not raise any issue with the facts or otherwise.

Judge Perez then imposed the sentence that had previously been negotiated by the parties: 11 ½ -23 months' incarceration with immediate parole plus 3 years of reporting probation.

Trial Court Opinion, filed 6/2/16, at 1-2.

On February 5, 2016, Appellant filed a motion to withdraw his guilty plea on the asserted basis that he was "actually innocent" of the crimes charged. The court denied Appellant's motion on March 1, 2016, however, and this timely appeal followed.

Appellant presents one question for our consideration:

[DID] THE TRIAL COURT ERR[] BY DENYING MR. KPOU'S POST-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA AS HE ALLEGED THAT HE WAS ACTUALLY INNOCENT?

Appellant's brief at 7.

Appellant argues that a manifest injustice would occur if he were not permitted to withdraw his guilty plea because he has asserted that he is actually innocent of the offenses in question. In response, the Commonwealth claims that Appellant's bald assertion of innocence fails to satisfy the more stringent "manifest injustice" standard predicating withdrawal on a defendant's demonstration that his or her plea was unknowingly, unintelligently, or involuntarily tendered.

This Court has delineated the principles and standards that govern a defendant's request to withdraw a guilty plea:

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte,* the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A); **Commonwealth v. Santos**, 301 A.2d 829, 830 (Pa. 1973). "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made [b]efore sentencing ... should be liberally allowed." **Commonwealth v. Forbes***,* 299 A.2d 268, 271 (Pa. 1973). "Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.'" **Id***.* at 271. "If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" **Id***.* As a general rule, "the mere articulation of innocence [is] a 'fair and just' reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be

substantially prejudiced." ***Commonwealth v. Katonka***, 33 A.3d 44, 46 (Pa.Super. 2011) (*en banc* ) [ ].

[Of the considerations outlined in ***Forbes***, "the critical one is the presence or lack of prejudice to the Commonwealth." ***Commonwealth v. Boofer***, 375 A.2d 173, 174 (Pa.Super. 1977) (citing ***Commonwealth v. McLaughlin***, 366 A.2d 238, 241 (Pa. 1976) (stating: "[T]he existence of substantial prejudice to the Commonwealth is the crucial factor in determining whether to allow a presentence withdraw of a guilty plea")). Generally speaking, "prejudice would require a showing that due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled." ***Commonwealth v. Kirsch***, 930 A.2d 1282, 1286 (Pa.Super. 2007), ***appeal denied***, 945 A.2d 168 (Pa. 2008). When a guilty plea is withdrawn before sentencing, the withdrawal usually does not substantially prejudice the Commonwealth if it simply places the parties "back in the pretrial stage of proceedings." ***Id***. Mere speculation that witnesses would not appear at a subsequent trial or would change their stories does not alone rise to the level of substantial prejudice. ***McLaughlin***, 366 A.2d at 241.]

In contrast, after the court has imposed a sentence, a defendant can withdraw his guilty plea "only where necessary to correct a manifest injustice." ***Commonwealth v. Starr***, 301 A.2d 592, 595 (Pa. 1973). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." ***Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa.Super. 2010), ***appeal denied***, 32 A.3d 1276 (Pa. 2011).

\*\*\*

To be valid [under the "manifest injustice" standard], a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 771 A.2d 767, 771 (Pa. 2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his

plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (*citing* Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003). The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Pollard***, ***supra***.

***Commonwealth v. Prendes***, 97 A.3d 337, 351-54 (Pa.Super. 2014) (parallel citations omitted).

Initially, we note that Appellant effectively concedes that he tendered a knowing, voluntary, and intelligent guilty plea, a position consonant with our review of the guilty plea colloquy and the record at-large. He argues, instead, that his post-sentence assertion of innocence, alone, is enough to demonstrate the manifest injustice necessary to secure a post-sentence withdrawal of a guilty plea. Nothing in our jurisprudence supports such a proposition, which runs counter to established precepts that reject defendant attempts to disavow self-incriminating statements made at a plea hearing absent a showing of coercion, fundamental misunderstanding, or the like. ***See Pollard***, at 523 (holding "[a] person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the

statements he made at his plea colloquy."). Moreover, as noted above in our standard of review, our courts have recognized the relevance of an assertion of innocence only in the pre-sentence context, explaining that the assertion may represent a "fair and just reason" for *pre-sentence* withdrawal of a guilty plea. ***See Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015).[2]

_____

[2] Nearly nine months before Appellant's guilty plea and subsequent motion to withdraw, our Supreme Court decided in **Carrasquillo** that a bare assertion of innocence does not provide a *per se* "fair and just reason" for a pre-sentence withdrawal of a guilty plea. In so holding, the Court eschewed the former "bright line rule" applicable to pre-sentence motions in favor of an inquiry into "whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id***. at 129. Applying this standard to the facts before it, the Court observed:

> This case, in our view, illustrates why the existing *per se* approach to innocence claims is unsatisfactory. Here, Appellant's assertion was first made in sentencing allocution, after the close of the evidentiary record . . . . No request was made to reopen the record for an orderly presentation in support of Appellee's request. Moreover, the bizarre statements made by Appellee in association with his declaration of innocence wholly undermined its plausibility, particular[ly] in light of the Commonwealth's strong evidentiary proffer at the plea hearing. In the circumstances, the common pleas court should not have been required to forego sentencing; rather, we find that it acted within its discretion to refuse the attempted withdrawal of the plea.

***Id***., at 1292-93.

Here, as it is clear that Appellant's bare assertion of innocence would fail to meet the more lenient standard applicable to pre-sentence motions to withdrawals, given the record before us, it follows *a fortiori* that it cannot

*(Footnote Continued Next Page)*

Indeed, this Court has held that post-sentence claims of innocence do not demonstrate manifest injustice, *see **Commonwealth v. Myers***, 642 A.2d 1103, 1108 (Pa.Super. 1994) (holding "[a] defendant's post-sentence recantation of guilt does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea of guilty."), and Appellant presents no meaningful argument or legal theory on which to distinguish his case from such precedent. This is particularly so where, again, Appellant advances no claim of an unknowing, involuntary, or unintelligent plea. Accordingly, we discern no merit to the present appeal.

Judgment of sentence is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2016


*(Footnote Continued)* ————————————

meet the heightened standard of manifest injustice that applies to his post-sentence withdrawal of his plea.