J-S23009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VLADIMIR COBO, | |
| Appellant | No. 3066 EDA 2015 |

Appeal from the Order of September 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0036604-2014

BEFORE: OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 21, 2017**

Appellant, Vladimir Cobo, appeals from the order entered on September 4, 2015, dismissing his petition for writ of *certiorari* before the Court of Common Pleas of Philadelphia County. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On February 18, 2015, Appellant pled guilty to driving under the influence of alcohol pursuant to 75 Pa.C.S.A. § 3802(c) before the Philadelphia Municipal Court. On April 14, 2015, the municipal court sentenced Appellant to three to 56 days of incarceration followed by four months of probation, a one-year license suspension, participation in an alcohol program, and a fine. On April 24, 2015, Appellant filed a motion to withdraw his guilty plea with the municipal court. The municipal court denied relief. Appellant filed a petition for writ of *certiorari* before the Court

of Common Pleas of Philadelphia County. The trial court denied relief by order entered on September 4, 2015. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

> Did the Common Pleas Court err in ruling that the Municipal Court [j]udge who presided over [Appellant's] guilty plea had not abused her discretion by refusing to allow [Appellant] to withdraw his guilty plea when he requested to do so in a timely manner and stated as justification for the request his lack of knowledge of the terms of the plea and actual innocence of the crime?

Appellant's Brief at 5.

Appellant contends that his guilty plea "was not knowingly, intelligently and voluntarily entered as the plea agreement was never conveyed to him in Albanian, his native language and the only one he speaks fluently." *Id.* at 9. Moreover, Appellant "did not expect to receive a license suspension" or he would have petitioned to withdraw his guilty plea earlier. *Id.*

This Court has held that

> after the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. Post-sentence motions for withdrawal are

_____

[1] Appellant filed a timely notice of appeal on Monday, October 5, 2015. *See* Pa.R.A.P. 903 (30 days to file a timely notice of appeal); *see also* 1 Pa.C.S.A. 1908 ("Whenever the last day of [a statutory] period shall fall on [] Sunday[], such day shall be omitted from the computation."). On March 24, 2016, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 12, 2016.

subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices.

\* \* \*

To be valid under the manifest injustice standard, a guilty plea must be knowingly, voluntarily and intelligently entered. A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under [Pa.R.Crim.P.] 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

**Commonwealth v. Kpou**, 153 A.3d 1020 (Pa. Super. 2016) (internal citations, quotations, and original brackets omitted).

Our Supreme Court has stated:

A consequence is civil in nature where, imposition has been vested in an administrative agency over which the criminal judge had no control and for which he had no responsibility. The mandatory suspension of a driver's license upon conviction for DUI is a collateral civil penalty administratively imposed by PennDOT pursuant to the mandates of the Vehicle Code **not** the Crimes Code. Thus, the mandatory suspension is not a direct criminal penalty, but rather, is a civil sanction[.]

As operating privilege suspensions are collateral civil consequences, not criminal penalties, they do not violate a motorist's equal protection or due process rights, nor does a defendant in a criminal case need to be informed of the collateral consequence for his criminal conduct, as it does not constitute a portion of his or her punishment.

*Bell v. Commonwealth, Dept. of Transp., Bur. of Driver Licensing*, 96 A.3d 1005, 1019 (Pa. 2014) (emphasis in original; internal citations, quotations, and original brackets omitted).

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

Upon review of the certified record, at the guilty plea hearing, the municipal court provided Appellant with an Albanian interpreter named Eddie Papha. N.T., 2/1/8/2015, at 4. Appellant claimed that he could understand the plea colloquy questions with the aid of that interpreter. *Id.* at 6. Prior to the municipal court's acceptance of Appellant's guilty plea, Appellant did not have any additional questions for the court. *Id.* at 10. Prior to entering the guilty plea, the Commonwealth recited that the plea deal called for the imposition of a mandatory minimum sentence. *Id.* at 8-9. At the sentencing hearing, the interpreter was again present. N.T., 4/14/2015, at 3. The municipal court began the hearing by stating, "[t]his is a negotiated guilty plea wherein the mandatory minimum was the recommended sentence." N.T., 4/14/2015, at 3. The municipal court then imposed the

sentence as set forth above, including the one-year driver's license suspension. *Id.* at 5-6. The municipal court asked Appellant if he had any additional questions and Appellant did not. *Id.* at 6-7.

Here, Appellant was apprised of the criminal penalties to be imposed before he accepted the plea deal that included a mandatory minimum sentence. Appellant was provided with an interpreter at both the plea hearing and at sentencing. Appellant claimed he understood the plea proceedings, acknowledged that he would receive a mandatory minimum sentence pursuant to plea negotiations,[2] and had no additional questions for the municipal court prior to its acceptance of the guilty plea. Moreover, license suspension is a collateral consequence for DUI and, as such, it was not necessary to inform Appellant that such consequence would apply upon acceptance of the guilty plea. This did not render Appellant's plea unknowing or involuntary. Finally, after reviewing the sentence with Appellant, including the license suspension, Appellant did not lodge a complaint.

Based upon all of the foregoing, we conclude that Appellant knowingly, voluntarily, and intelligently entered his guilty plea. We reject Appellant's suggestion that he could not understand the proceedings, or the terms of the plea, because there was an Albanian interpreter present at all

---

[2] Appellant does not dispute the imposition of the mandatory minimum sentence.

proceedings and Appellant never asked for clarification. Appellant is bound by the statements he made under oath at the plea hearing. Moreover, Appellant cannot seek to withdraw his plea on the premise that he did not understand that his driver's license would be suspended, because such consequence was wholly collateral to the imposition of criminal sanctions. Accordingly, the trial court properly denied relief, as there was no manifest injustice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017