J-S04010-20
J-S04011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
                                       :

                 v.                     :
                                       :

CHARLES BROWN                  :
                                       :
          Appellant           :     No. 2908 EDA 2018

Appeal from the Judgment of Sentence Entered May 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004920-2017

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
                                       :

                 v.                     :
                                       :

CHARLES  BROWN                :
                                       :
          Appellant           :     No. 3377 EDA 2018

Appeal from the Order Dated November 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004920-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED APRIL 7, 2020**

In these two appeals, which we hereby consolidate, Appellant, Charles

Brown, appeals from his judgment of sentence (at 2908 EDA 2018), as well

as the order denying his motion for bail pending the disposition of his direct

appeal (at 3377 EDA 2018). In his appeal from his judgment of sentence of

an aggregate term of 8 to 20 years' incarceration, Appellant challenges the trial court's denial of his post-sentence motion to withdraw his guilty plea. In his appeal from the order denying him bail, Appellant contends that the court abused its discretion because he does not pose a threat to society or a flight risk, and he is likely to prevail in his appeal from his judgment of sentence. After careful review, we affirm at both docket numbers.

The trial court summarized the facts of Appellant's underlying convictions, as follows:

> Twenty-three year old victim, "I.C.," reported that she had met and formed a brief relationship with Appellant, who had falsely informed her that his name was Frank Lewis. On or about May 5, 2016, a verbal argument ensued which quickly escalated to an extreme form of physical violence. Appellant severely beat the victim about the face and body with bags of sand and a metal pole. Appellant held I.C. against her will and confined in Appellant's small apartment in Philadelphia for approximately five days.
>
> During this five day period, Appellant repeatedly sodomized and raped the victim and forced her to call her concerned family members to falsely state that she had sex with her brothers. Those family members contacted law enforcement who rescued this victim from inside Appellant's apartment and immediately transported her to the hospital for emergency medical treatment for multiple observable injuries to her arms, legs and face. Appellant had fled the apartment.
>
> The victim's significant injuries were photographed by investigators and a sexual assault exam had been performed. The Rape Kit that had been collected, was analyzed and was positive for male DNA. The Arrest Warrant had been obtained on June 17, 2016. Investigators continually searched for the Appellant until his arrest date of January 5, 2017. Bail was originally set at $500,000.00 after initial arraignment.

Trial Court Opinion (TCO), 6/21/19, at 3.

- 2 -

On May 16, 2018, the court conducted a hearing to address certain pretrial motions filed by the parties. During that proceeding, Appellant indicated that he wished to accept a plea deal offered by the Commonwealth. After "calm negotiations, private conferences, and extensive oral and written colloquies, … and after multiple intermissions had been provided to permit Appellant to speak to his attorney and reflect upon [the] purpose and [his] plea intentions, [the trial c]ourt accepted Appellant's tendered negotiated guilty pleas to recited offenses and imposed the [o]rder and [j]udgment of [s]entences accordingly." *Id.* at 5.

On May 24, 2018, Appellant filed a post-sentence motion to withdraw his guilty plea. After two separate hearings on the motion, the court denied it on August 23, 2018. Appellant timely filed an appeal, which was docketed at 2908 EDA 2018.[1] He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

While his direct appeal was pending, Appellant filed a *pro se* request for bail pending the disposition of his direct appeal. On November 16, 2018, the court conducted an evidentiary hearing on the motion, and denied it that same day. Appellant filed a timely appeal from that order, which was docketed at 3377 EDA 2018.

_____

[1] We note that Appellant's notice of appeal incorrectly stated that he was appealing from the court's August 23, 2018 order denying his post-sentence motion. "In a criminal action, [the] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." *Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have amended the caption accordingly.

On June 21, 2019, the trial court authored an opinion addressing the following two issues that Appellant raises in cases 2908 EDA 2018 and 3377 EDA 2018, respectively:

> [I.] Did the lower court err in denying Appellant's post-sentence motion to withdraw his guilty plea, where due to a break down in the attorney-client relationship with plea[]counsel, Appellant was psychologically coerced into pleading guilty, and therefore[,] did not voluntarily enter into the plea, resulting in manifest injustice[?]

> [II.] ... [W]hether the trial court erred in denying his motion to set bail pending appeal as he believes he is likely to prevail on his appeal on 2908 EDA 2018, poses no appreciable danger to the community[,] and would be gainfully employed while on bail?

Appellant's Brief in 2908 EDA 2018 (hereinafter "Appellant's Brief I") at 7; Appellant's Brief in 3377 EDA 2018 (hereinafter "Appellant's Brief II") at 7.

In Appellant's first issue, he contends that his guilty plea was involuntary because it "was entered into while emotions were raw, done in a hasty manner and in the spur of the moment, and after having had what he asserts was a heated argument between he [*sic*] and plea counsel." Appellant's Brief I at 14. Appellant also contends that his attorney-client relationship with his counsel had completely broken down prior to his plea and he was essentially coerced into entering it.

Preliminarily,

> [i]n **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa. Super. 2014), *impliedly overruled on other grounds by* **Commonwealth v. Hvizda**, 116 A.3d 1103, 1106 ([Pa.] 2015), we explained that a defendant may withdraw his guilty plea after sentencing "only where necessary to correct manifest injustice." **Prendes**, 97 A.3d at 352 (citation omitted). Thus, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive

- 4 -

to discourage the entry of guilty pleas as sentence-testing devices." **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa. Super. 2002).

"Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. **Id.** "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." **Id.**

**Commonwealth v. Hart**, 174 A.3d 660, 664–65 (Pa. Super. 2017).

Here, Appellant concedes that there was no defect in the court's guilty-plea colloquy, "which was very extensive and thorough…." Appellant's Brief I at 15. He contends, however, that "the circumstances made its voluntariness dubious; to wit, the attorney-client exchange heard from the courtroom." **Id.** According to Appellant, he and counsel "had a very heated argument" just prior to the plea proceeding. **Id.** at 14. While Appellant claims that "it was a two way argument[,]" **id.**, the trial court states that Appellant was "loudly yelling and verbally mistreating his attorney in the private conferences held in the cell room booth positioned next to the courtroom…." TCO at 4-5. As the encounter between Appellant and his counsel occurred off the record, we cannot evaluate or consider what took place. However, as the Commonwealth points out, the record shows that after the exchange,

the court gave [Appellant] time to "take a breath" and further consult with counsel before proceeding. (N.T., 5/16/18[, at] 44)[.] After a break, [Appellant] proceeded through the guilty plea colloquy calmly, methodically, and without emotionally interrupting (as he had early in the proceedings). Nothing suggests that [Appellant's] "raw emotions" were guiding his

decision. Moreover, on appeal, he cites no authority that suggests a plea becomes involuntary or unknowing simply because the defendant is emotional at the time of the plea.

Commonwealth's Brief in 2908 EDA 2018 at 7-8. The record supports the Commonwealth's argument. We also note that nothing in the record indicates that Appellant was rushed into his decision to plead guilty. Therefore, he has failed to demonstrate that a manifest injustice will result by not permitting him to withdraw his plea.[2]

In Appellant's second issue, he challenges the trial court's denial of his motion for bail pending the resolution of his direct appeal. Pennsylvania Rule of Criminal Procedure 523 states:

> (A) To determine whether to release a defendant, and what conditions, if any, to impose, the bail authority shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond, including information about:
>
> > (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;
> >
> > (2) the defendant's employment status and history, and financial condition;
> >
> > (3) the nature of the defendant's family relationships;

---

[2] We also note that, to the extent Appellant's claims sound in plea counsel's ineffectiveness, such issues must be raised on collateral review pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (reaffirming the prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA).

(4) the length and nature of the defendant's residence in the community, and any past residences;

(5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;

(6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

(B) The decision of a defendant not to admit culpability or not to assist in an investigation shall not be a reason to impose additional or more restrictive conditions of bail on the defendant.

Pa.Crim.P. 523.

Additionally, our Court has explained that, "[w]e will review the lower court's order denying a bail application for an abuse of discretion and will only reverse where the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record show that [its] decision is a result of partiality, prejudice, bias, or ill will." *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003) (cleaned up).

Here, Appellant avers that the court should have granted his motion for bail during the pendency of his direct appeal because that appeal "has much merit…." Appellant's Brief II at 15. For the reasons set forth *supra*, we

disagree. Thus, Appellant's first argument as to why the court erred by not granting him bail is meritless.

Appellant additionally contends that he should have been awarded bail because his "record is not of such a nature that would render him a complete menace to society." *Id.* He elaborates that he "pled guilty to an Indecent Assault (M2) in 2011. He has no other prior convictions." *Id.* Appellant also argues that the court weighed too heavily the facts of his present case, as he now "asserts his innocence and therefore believes that these horrible facts should not be held against him." *Id.*

Again, Appellant's argument is wholly unconvincing. Regardless of Appellant's prior record and his current assertion of innocence, he pled guilty to two very serious offenses in the present case. In denying him bail, the trial court focused on Appellant's "particularly violent behavior, as well as evidence of [his] long term avoidance of apprehension." TCO at 12-13. The court concluded that Appellant's "flight risk and [the] danger to the community … justified denial of bail." *Id.* at 13. Given the record before us, we discern no abuse of discretion in the court's decision.

Accordingly, we affirm both Appellant's judgment of sentence 2908 EDA 2018, and the order denying his request for bail in 3377 EDA 2018.

Judgment of sentence affirmed. Order affirmed.

J-S04010-20
J-S04011-20

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2020