J-S16020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL NASHAWN HANDY | : | |
| | : | |
| Appellant | : | No. 1469 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 12, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000783-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIAL NASHAWN HANDY | : | |
| | : | |
| Appellant | : | No. 1470 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 12, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000350-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIAL NASHAWN HANDY | : | |
| | : | |
| Appellant | : | No. 1471 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 12, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000782-2022

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 23, 2025**

Nathanial Nashawn Handy appeals from the aggregate judgment of sentence of fifteen to thirty years of imprisonment imposed in accordance with a negotiated guilty plea in the above-captioned cases. We affirm.

Appellant was charged in these three cases with various offenses connected with, respectively: (1) stomping on Jeilymar Torres after striking her with a broom and firearm on October 3, 2021; (2) attempting to murder Marcus Grant by shooting him on November 18, 2021; and (3) possessing a firearm with an altered serial number on December 14, 2020. Appellant hired Jack McMahon, Esquire, to represent him in the cases.

Attorney McMahon's representation of Appellant coincided with "difficulties in his personal life as a result of his wife being diagnosed with cancer that summer." Appellant's brief at 10. He requested multiple continuances and appeared late or not at all for several court dates, culminating in his being held in contempt in August 2023. During this time, Attorney McMahon enlisted Jeremy Williams, Esquire, to assist with Appellant's cases. At several court appearances, the court asked Appellant whether he wished for Attorney McMahon to continue to represent him, or if he wished to have counsel appointed. Appellant repeatedly insisted upon Attorney McMahon's representation.

On August 12, 2024, Appellant appeared for trial in the attempted murder case with Attorneys McMahon and Williams. Attorney Williams

indicated that he would be filing an entry of appearance as co-counsel and a motion *in limine*. The court denied the motion as an untimely suppression motion. Attorney McMahon stated for the record that Appellant had requested long before that a suppression motion be filed, but declined to explain to the court why he did not timely pursue the matter on Appellant's behalf. **See** N.T. Plea, 8/12/24, at 4-5.

As jury selection was about to commence for the attempted murder case, Appellant indicated that he desired to enter a global agreement covering all three cases. Specifically, he would plead guilty to attempted murder for which the court would sentence him to fifteen to thirty years of imprisonment, with concurrent sentences of one to two years and six to twelve years, respectively, for pleas to simple assault and persons not to possess. The Commonwealth would withdraw the remaining charges. Appellant thereafter underwent oral and written colloquies during which he acknowledged that he shot Mr. Grant with the intent to kill him, that he knowingly possessed a firearm when a prior robbery conviction prohibited him from doing so lawfully, and that he assaulted Ms. Torres as alleged. *Id*. at 18-21. He also represented, *inter alia*, that he was not coerced in any way into entering his pleas, it was his decision alone to voluntarily plead guilty, and that he was satisfied with his attorney's representation. *Id*. at 17; Written Guilty Plea Colloquy, 8/12/24, at 7-8. The trial court accepted the plea and imposed the agreed-upon sentence.

Thereafter, Appellant retained new counsel who filed a timely post-sentence motion. Therein, Appellant detailed Attorney McMahon's omissions, argued the merits of the suppression motion that he failed to file, and asserted that his ineffectiveness both rendered the pleas invalid and presented sufficient grounds to allow Appellant to withdraw them. *See* Post-Sentence Motion, 8/22/24, at ¶¶ 6-28, 32-34, 41-42. At a hearing on the motion, Appellant testified that he lied during the plea colloquies and only gave the answers that Attorney McMahon indicated. *See* N.T. Post-Sentence Motion, 9/10/24, at 16-17, 28-31, 35. Appellant also produced exhibits reflecting unanswered communications with Attorney McMahon by Appellant's family, but did not call Attorney McMahon or any other witnesses. The court denied the motion at the conclusion of the hearing, finding no manifest injustice or other reason to allow the withdrawal of the plea. *Id*. at 47.

This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following questions for our review:

1. Did the court err and abuse its discretion by denying Appellant's post-sentence motion to withdraw his guilty plea due to it not being tendered knowingly, intelligently, and voluntarily?

2. Did the court err and abuse its discretion by denying Appellant's post-sentence motion to withdraw his guilty plea due to it not being valid?

Appellant's brief at 8 (unnecessary capitalization omitted).

We begin with the applicable legal principles. As this Court has summarized:

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa.Super. 2018) (cleaned up).

Where, as here, a defendant seeks to withdraw his guilty plea after he has been sentenced, he must demonstrate that the withdrawal is "necessary to correct a manifest injustice." *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016) (cleaned up).

> A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under [Pa.R.Crim.P.] 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered

a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Id*. at 1023–24 (cleaned up).

Although Appellant states separate questions attacking the voluntariness and validity of his guilty pleas, he does not assert any violations of the court's obligations as a reason it would be manifestly unjust to disallow the withdrawal. *Cf. Commonwealth v. Hart*, 174 A.3d 660, 668-69 (Pa.Super. 2017) (holding trial court abused its discretion in denying motion to withdraw guilty plea where the plea colloquy was defective because neither the court, the Commonwealth, nor defense counsel advised the defendant of the sexual officer registration requirements attendant to the plea). Rather, he founds his arguments solely on his complaints with Attorney McMahon's performance in preparing the case for trial, arguing that he was compelled to plead guilty because he was denied his Sixth Amendment right to effective assistance of counsel. *See* Appellant's brief at 15-18.

In *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), our Supreme Court held "that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id*. at 738. In *Commonwealth v. Holmes*, 79 A.3d 562, 563–64 (Pa. 2013), the Court announced two exceptions to the general rule: (1) "extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" and (2) where

good cause is shown and the defendant gives "knowing and express waiver of his entitlement to seek [Post Conviction Relief Act ("PCRA")] review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." *Id*. at 563-64. Finally, in **Commonwealth v. Delgros**, 183 A.3d 35 (Pa. 2018), our High Court recognized an additional exception to **Grant**'s general rule "where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Id*. at 42.

In presenting his arguments on appeal, Appellant acknowledges that this "Court may find these issues rise to the level of ineffective assistance of counsel that one would raise in a PCRA petition[.]" Appellant's brief at 15. He proceeds to suggest that the issues are nonetheless reviewable in this appeal because "they also go to show that Appellant was put in a position by his counsel's poor performance where he felt no choice but to accept the Commonwealth's offer, thus making it involuntary and invalid." *Id*. Yet he offers no authority for the position that ineffectiveness inducing a guilty plea is a recognized exception to **Grant**'s general rule.[1]

Moreover, in his post-sentence motion, Appellant acknowledged **Holmes** and **Delgros**, but failed to specify how the facts of the instant case

---

[1] Each case cited by Appellant in his appellate brief either pre-dated **Grant**, did not allege ineffectiveness as the basis to withdraw the plea, involved a waiver of further PCRA review, or was an appeal in a PCRA proceeding. **See** Appellant's brief at 3 (listing cases).

fell within any of the exceptions recognized. The trial court did not deem Appellant's challenge to Attorney McMahon's performance meritorious and apparent from the record. Indeed, the certified record does not reflect Attorney McMahon's reasons for not filing a suppression motion, as he did not testify at the post-sentence hearing. Nor does the record contain the necessary evidence to examine the merits of Appellant's suppression arguments. Hence, we have no basis to determine whether the court's rejection of the ineffectiveness argument was an abuse of discretion. Furthermore, Appellant has not pointed to any statute that precludes subsequent PCRA review, and he did not agree to waive it.

Accordingly, Appellant must seek relief for his ineffectiveness claims through the PCRA, not this appeal. **Cf. Hart**, 174 A.3d at 664 (noting that defendant "filed a praecipe waiving his right to [PCRA] review in exchange for an opportunity to raise an ineffective assistance of counsel claim on direct appeal"). As he has given us no reason to disturb his judgment of sentence, we affirm it.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/23/2025

- 8 -