J-A04010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT BERNARD FORREST | : | |
| | : | |
| Appellant | : | No. 603 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 19, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005255-2022

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED JULY 29, 2025**

Robert Bernard Forrest appeals from the judgment of sentence, entered in the Court of Common Pleas of York County, following the entry of a negotiated guilty plea to one count each of possession of a firearm by a prohibited person[1] and possession of marijuana with intent to deliver (PWID).[2] After review, we reverse and remand.

The trial court summarized the facts and procedural history of the case as follows:

> On March 19, 2024, [Forrest] entered a negotiated guilty plea to Count 1 of the Information, possession of a firearm by a prohibited person, classified as a first-degree felony.  Additionally, [Forrest] pled guilty to Count 3, [PWID as to] 0.096 pounds of marijuana.  This court imposed the agreed[-]upon sentence of five[-]to[-]ten years in a state correctional facility[,] including one year of re-

---

[1] 18 Pa.C.S.A § 6105(a)(1).

[2] 35 P.S. § 780-113(a)(30).

entry supervision, with payment of prosecution costs. The court also sentenced [Forrest] to 3[-]to[-]6 months in a state correctional facility and imposed costs. The sentence for Count 3 was set to run concurrently with the sentence for Count 1 for an aggregate sentence of five[-]to[-]ten years with the one-year re-entry supervision applying to the entire sentence.

Although initially ineligible for the Recidivism Risk Reduction Incentive (RRRI) program,[3] state drug treatment program, and boot camp, the Commonwealth waived the RRRI ineligibility as part of the plea. The court noted that [Forrest] had accrued 543 days of credit for time served from September 24, 2022[] to March 19, 2024.

On March [21], 2024, [Forrest] filed a motion seeking to withdraw his plea. [Forrest] asserted that his attorney incorrectly advised him regarding the duration of the RRRI program. Specifically, [Forrest] assert[ed] that he accepted the plea under the belief that the RRRI program minimum [would] be 34 months. Furthermore, [Forrest] state[d] that, following sentencing, defense counsel, [] William Graff, Esquire, recalculated the program's minimum to be 50 months. [Forrest] claim[ed] that he was misled into accepting the plea agreement, based on the incorrect calculation of the RRRI minimum statute by Attorney Graff.

Attorney Graff, representing [Forrest], subsequently moved for leave to withdraw [Forrest's] guilty plea and to withdraw as counsel. On March 26, 2024, the court conducted a brief hearing on this matter. [. . .] During the briefing, Attorney Graff sought to be dismissed from the case due to [Forrest's] allegations of ineffective assistance of counsel. [Forrest] argued that the withdrawal of his plea should be permitted due to a discrepancy that he claimed would result in manifest injustice.

The court disagreed with [Forrest's] assertion and found no evidence of manifest injustice. Consequently, [on March 26, 2024,] the motion for leave to withdraw [Forrest's] guilty plea was

---

[3] Pennsylvania's RRRI program was enacted to enable eligible, non-violent offenders to reduce their minimum sentences if they complete recommended programs and maintain a positive prison adjustment. *See* 61 Pa.C.S.A. §§ 4501-4512. Relevant to this decision, the reduction provided is a percentage off an offender's minimum sentence that is based upon the sentence length. *Id.* at 4505.

denied, and Attorney Graff was dismissed from the case. [Forrest] was advised by the court of his right to appeal and advised to promptly apply for a Public Defender, which he did.

Trial Court Opinion, 6/21/24, at 1-3 (unnecessary capitalization omitted).

At the guilty plea hearing on March 19, 2024, the trial court informed Forrest that the Commonwealth would waive his RRRI ineligibility, but his RRRI minimum sentence was not specified. *See* N.T. Plea Hearing, 3/19/24, at 6. Forrest's written guilty plea colloquy also does not state his likely RRRI sentence. *See* Written Plea Colloquy, 3/19/24. Forrest's plea counsel explicitly stated the following in the motion to withdraw plea and dismiss counsel: "[Forrest] pled based on what counsel thought was the RRRI date, but [counsel] apparently misadvised [Forrest] in that the RRRI time would be approximately 34 months instead [of] what counsel now determined was 50 months." Forrest's Motion to Withdraw Plea and to Dismiss Counsel, 3/21/24.

Forrest filed a timely notice of appeal and court ordered Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal. He raises the following claim for our review:

Did the lower court abuse its discretion in denying [] Forrest's [m]otion to [w]ithdraw [p]lea where, by showing that he was affirmatively misadvised as to his minimum sentence under the [RRRI] program, Forrest established that leaving his plea in place would constitute a manifest injustice because it was unknowing and involuntary?

Forrest's Brief, at 4.

Forrest contends that, because he was not apprised of the length of his RRRI minimum sentence prior to pleading guilty, his plea was "unknowing and involuntary," and, therefore, it was a manifest injustice for the trial court to

- 3 -

deny his motion to withdraw. *Id.* at 11-16. Forrest maintains, and plea counsel admits, *supra*, that he was told by counsel that his RRRI minimum sentence would be 34 months' incarceration. *Id.* at 12. Forrest claims he learned *after* pleading guilty that his RRRI minimum sentence would, in fact, be 50 months' incarceration, and that this "discrepancy is what prompted Forrest to seek leave to withdraw his plea." *Id.* at 13 (emphasis added).

The Commonwealth posits that the trial court was correct in denying Forrest's motion for withdrawal because his appeal was premature. *See* Commonwealth's Brief, at 7. The Commonwealth reasons that, since Forrest's claim is for ineffective assistance of counsel, it should be raised in a petition filed pursuant to the Post Conviction Relief Act (PCRA),[4] not in a motion to withdraw his plea or as a claim on direct appeal. *Id.* at 7-12, citing *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013). Further, the Commonwealth argues that, even if Forrest's claim is properly raised on direct appeal, his motion relied upon an insufficient factual basis where the record below lacked "[t]estimony, stipulation, admissible evidence, or judicial notice of the necessary details to find whether [Forrest] did have ineffective counsel." *Id.* at 11 (numbering and unnecessary punctuation omitted).

The Commonwealth's argument that Forrest's claim is premature is incorrect. *Holmes* provides the standard for when claims for ineffective assistance of counsel may be brought on direct appeal rather than being

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

deferred to the PCRA. **See Holmes**, 79 A.3d at 576–80. Forrest's claim, while based upon an error made by his counsel, is that the trial court erred in denying his motion to withdraw his guilty plea. As Forrest's appeal does not raise a claim for ineffective assistance of counsel on direct appeal, his claim does not implicate **Holmes**.

Turning to the merits of Forrest's appeal, it is well-settled that whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. **See Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017). When seeking to withdraw a guilty plea after sentencing, the petitioner must demonstrate that withdrawal is necessary to correct a manifest injustice. **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016). A manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. **Id.** We presume that a defendant who entered a guilty plea was aware of the consequences, and they bear the burden of proving otherwise. **Hart**, 174 A.3d at 665.

Pennsylvania Rule of Criminal Procedure 590 mandates pleas be taken in open court and requires the trial court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. **See** Pa.R.Crim.P. 590; **see also Kpou**, 153 A.3d at 1021. The trial court should confirm, inter alia, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines

possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. **See** Pa.R.Crim.P. 590. The reviewing court must assess the totality of the circumstances surrounding the plea when considering its validity. **Commonwealth v. Kehr**, 180 A.3d 754, 757 (Pa. Super. 2018).

Here, Forrest's counsel admitted in writing to the trial court that he mistakenly told Forrest that the minimum sentence he would be offered as part of the RRRI program would be 34 months as opposed to the correct calculation of 50 months. **See** Forrest's Motion to Withdraw Plea and to Dismiss Counsel, 3/21/24. This miscalculation directly impacted Forrest's understanding of "the permissible ranges of sentences [] possible." **Kpou**, **supra**. Therefore, Forrest suffered a manifest injustice because his plea was not entered knowingly, intelligently, voluntarily, and understandingly, and the trial court abused its discretion in denying his post-sentence motion to withdraw the plea. **See Commonwealth v. Bush**, 321 A.3d 960 (Pa. Super. 2024) (Table) (affirming grant to withdraw guilty plea based upon counsel issuing erroneous advice regarding likely length of sentence);[5] **see also Commonwealth v. Cramer**, 2017 WL 1952712, at *6 (Pa. Super. 2017) ("erroneous advice on how the law will affect parole and the duration of a defendant's true minimum sentence can affect the validity of a guilty plea"); **Commonwealth v. Hickman**, 799 A.2d 136, 142 (Pa. Super. 2002) ("plea's

---

[5] **See** Pa.R.A.P. 126(b) (unpublished, non-precedential decisions of Superior Court filed after May 1, 2019 may be cited for persuasive value).

validity may be compromised when counsel issues erroneous advice on how the law will affect the duration of a client's sentence").

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/29/2025